CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 18 2007
JOHN F. CORCORAN, CLERK
BY: HMcDnald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELVIN CONNELL DODSON, #338585 )<br>Petitioner, ) | Civil Action No. 7:07cv00008 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GENE M. JOHNSON, Director of )<br>Virginia Department of Corrections, ) | By: Jackson L. Kiser |
| Respondent. ) | Senior U.S. District Judge |

Petitioner Melvin Connell Dodson, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dodson challenges the validity of his conviction in the Circuit Court of Henry County. This action is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On February 27, 2002, Dodson was convicted of possession of a firearm by a convicted felon and was subsequently sentenced to a total term of imprisonment of five years. Dodson appealed his conviction to the Court of Appeals of Virginia, contending that the evidence was insufficient to support a conviction.[1] The Court of Appeals reviewed the evidence in the light most favorable to the Commonwealth, found it sufficient to sustain Dodson's conviction, and, on March 11, 2005, denied his appeal. That decision was adopted by a three-judge panel of the Court of Appeals on May 11, 2005. Dodson then filed a petition for appeal in the Supreme Court of Virginia which reviewed the record, found no reversible error, and, on October 5, 2005, refused the petition.

On November 16, 2005, Dodson filed a petition for writ of habeas corpus in the Circuit Court

---

[1] Dodson's claim centered around his belief that he only possessed the firearm in self-defense.

of Henry County. The petition raised the following claims:

    A.    Dodson received ineffective assistance of counsel when his trial attorney failed to (i) subpoena, call, or question witnesses; (ii) prosecute the appeal; and (iii) raise an insanity defense at trial.

    B.    The trial court erred in convicting him because he possessed the firearm only for self-defense.

On January 17, 2006, the Circuit Court denied his petition. The court held as to claim (A) that Dodson had not met his burden of demonstrating ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984). The court held that claim (B) was procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 29 (1974).[2] Dodson appealed this result to the Supreme Court of Virginia on May 16, 2006, but the court dismissed the petition on June 8, 2006, finding that it was not timely filed pursuant to Virginia Rule of the Supreme Court 5:17(a)(1).[3]

Dodson timely filed the instant petition on January 8, 2007. Dodson alleges identical ineffective assistance of counsel claims as those raised in state court. Respondent moved to dismiss the petition on February 28, 2007, arguing that Dodson's claims are not properly before this court because they are procedurally defaulted. Dodson filed a response on March 19, 2007, and the petition is therefore ripe for review.

---

[2] Slayton holds that a prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction. When the issue could have been raised and adjudicated at trial and on direct appeal, the prisoner has no standing to attack his final judgment of conviction by habeas corpus.

[3] Rule 5:17(a)(1) states that in every case in which the appellate jurisdiction of the Supreme Court of Virginia is invoked, a petition for appeal must be filed, in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from.

2

## ANALYSIS

### I. EXHAUSTION AND DEFAULT

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim, here the Supreme Court of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Although respondent contends that Dodson's claims are unexhausted because the Supreme Court of Virginia dismissed the petition as untimely, I find that Dodson fairly presented the substance of these precise claims to the highest state court with jurisdiction and, therefore, his claims are exhausted.

Dodson's claims are, however, not properly before this court because they are procedurally defaulted. Where the state court has expressly dismissed claims based on an adequate and independent state ground, such as procedural default, that finding is not subject to review in a federal habeas petition. See Fisher v Angelone, 163 F.3d 835, 844 (4th Cir. 1998). The Supreme Court of Virginia expressly dismissed Dodson's claims on the adequate and independent state ground that they were defaulted as untimely. As this is an independent and adequate state procedural rule, I find that federal habeas review of Dodson's claims are barred unless he can show that there is cause for, and actual prejudice from, the default, or actual innocence such that the failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); see also Teague, 489 U.S. at 288; Fisher, 163 F.3d at 844-45.

### II. CAUSE AND PREJUDICE

Dodson has not made any assertion, neither in his petition nor in his largely incoherent

3

response, that there exists any cause or prejudice sufficient to overcome the procedural default. Accordingly, I find that Dodson has not established cause for his procedural default nor has he established actual prejudice resulting from that default.

### III. ACTUAL INNOCENCE

In order to demonstrate actual innocence, Dodson must show that, if new reliable evidence were introduced, it is more likely than not that no reasonable juror would convict him. Schlup v. Delo, 513 U.S. 298, 324-37 (1995); see also Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999). Dodson does not assert in his petition that he is actually innocent nor does the new evidence that he presents tend to suggest his innocence. Dodson's claims of actual innocence appear from the pleadings to be based upon his belief that members of the Henry County Sheriff's Office were corrupt. The only "new evidence" that Dodson presents is that of the November 2, 2006 indictments of Sheriff H. Franklin Cassell and twelve of his former employees on racketeering and other charges, as well as on the indictment of Maj. James Keaton on a perjury charge.

Dodson fails to present any evidence, or make any actual argument other than by inference, that perjury, or any other illegal conduct, was committed in the course of his trial. He merely asserts that, because his conviction occurred "within the time frame of corrupt activities carried out," his conviction should be set aside. Criminal charges regarding matters wholly unrelated to Dodson's case, however, do not constitute new evidence for the purpose of establishing actual innocence. I find that Dodson has not presented any new evidence such that, if presented, no reasonable juror would convict him. Accordingly, I conclude that Dodson fails to demonstrate "actual innocence" so as to excuse his procedural defaults.

4

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a certified copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 18th day of June, 2007.

/s/ Jackson L. Kiser
Senior U.S. District Judge

5